UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH J. SHELLEY, an individual, | Case No. 1:17-cv-799 |
| Plaintiff, | Hon. |
| v. | |
| SWIFTFUNDS FINANCIAL SERVICES, LLC, a California company; SWIFT FUNDS GROUP, LLC, a Texas company; SWIFT FUNDS, LLC, a California Company; MARIE A. PETRIE, an individual; and JASSON PATTERSON, an individual, | |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Elizabeth J. Shelley, by and through her counsel, Westbrook Law PLLC, for her Complaint against Defendants Swiftfunds Financial Services, LLC ("Swiftfunds"); Swift Funds Group, LLC ("SFG"); Swift Funds, LLC ("SFL"); Marie A. Petrie; and Jasson Patterson; states as follows:

## INTRODUCTION

1.      Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* due to Defendants' unlawful activities in connection with attempting to collect a debt purportedly owed to Family Fitness of Grand Rapids. The purpose of the FDCPA is to "eliminate abusive debt collection practice by debt collectors" and "to insure that

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

2.      Defendants, who are debt collectors, have willfully violated the FDCPA by communicating credit information regarding Plaintiff that is false and which Defendants knew or should have known to be false, in the process damaging Plaintiff's credit standing and reputation and impairing her ability to obtain credit on reasonable terms.

3.      Defendants have also attempted to collect a purported debt from Plaintiff that is in fact nonexistent.

4.      Defendants' communications of false credit information to third parties violated the FDCPA, 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

## THE PARTIES

5.      Plaintiff Elizabeth Shelley is an individual residing in Byron Center, Kent County, Michigan. Plaintiff is a "consumer" as that term is used in the FDCPA.

6.      Defendant Swiftfunds is a California company with a registered business address at 927 Deep Valley Drive, Suite 195, Rolling Hills, California 90274.

7.      Swiftfunds regularly engages in the collection of defaulted consumer debts purportedly owed to others and conducts business in the state of Michigan using interstate wires and mails. The principal business purpose of Swiftfunds is the collection of consumer debts.

8.      Swiftfunds is a "debt collector" as that term is defined in the FDCPA.

9.      Defendant SFG is a Texas company with a registered business address at 815 Brazos Street, Suite 500, Austin, Texas 78701.

10. SFG regularly engages in the collection of defaulted consumer debts purportedly owed to others and conducts business in the state of Michigan using interstate wires and mails. The principal business purpose of SFG is the collection of consumer debts.

11. SFG is a "debt collector" as that term is defined in the FDCPA.

12. Defendant SFL is a California company with a registered business address at 1610 East Sahara Avenue, Las Vegas, Nevada 89104.

13. SFL regularly engages in the collection of defaulted consumer debts purportedly owed to others and conducts business in the State of Michigan using interstate wires and mails. The principal purpose of SFL is the collection of consumer debts.

14. SFL is a "debt collector" as that term is defined in the FDCPA.

15. Defendant Marie A. Petrie ("Petrie"), an individual residing at 3432 Palo Vista Drive, Rancho Palos Verdes, California 90275, is the owner and manager of Defendants Swiftfunds, SFG, and SFL (together "Swift Defendants"). Petrie is personally involved in the day-to-day operations of the Swift Defendants, including decision-making regarding the communication of debt information to third parties, and the hiring, training, and managing of employees.

16. Petrie regularly engages in the collection of defaulted consumer debts purportedly owed to others and conducts business in the State of Michigan using interstate wires and mails.

17. Petrie is a "debt collector" as that term is defined in the FDCPA.

18. Defendant Jasson Patterson ("Patterson"), an individual doing business at 927 Deep Valley Drive, Suite 195, Rolling Hills, California 90274, is a manager and Director of Risk Management for each of the Swift Defendants. Patterson is personally involved in the day-to-day

operations of the Swift Defendants, including decision-making regarding the communication of debt information to third parties, and the hiring, training, and managing of employees.

19.     Patterson regularly engages in the collection of defaulted consumer debts purportedly owed to others and conduct business in the State of Michigan using interstate wires and mails.

20.     Patterson is a "debt collector" as that term is defined in the FDCPA.

21.     Together, Petrie and Patterson own and/or operate all of the Swift Defendants as a single debt collection business, intentionally creating confusion among debtors, regulators, and the public as to the identity of themselves and the company taking any given action to collect a purported debt, as well as the location of such company and where it may be served with process. Petrie and Patterson utilize the name of each Swift Defendant interchangeably with the others and do not distinguish between them other than to create such confusion. Each of the Swift Defendants acts as the alter ego of each other Swift Defendant, at the direction and under the management of Petrie and Patterson.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

23.     Venue is appropriate in this Court because the conduct complained of took place within this District.

## FACTUAL ALLEGATIONS

24.     Years ago, Plaintiff obtained a gym membership at Family Fitness Grand Rapids by agreeing to a membership agreement that required monthly payments.

25.     The membership agreement provided that it could be terminated upon specified advance notice by Plaintiff.

26.     In 2014, Plaintiff notified Family Fitness Grand Rapids that she was terminating the membership agreement. Plaintiff provided sufficient advance notice to terminate the membership agreement according to its terms without incurring any penalty or other indebtedness.

27.     At the time Plaintiff's termination of the membership agreement became effective, Plaintiff owed no debt to Family Fitness Grand Rapids, and at no time thereafter incurred any debt to Family Fitness Grand Rapids.

28.     In August of 2017, Plaintiff noticed a negative tradeline being reported by the consumer credit reporting agency Trans Union, LLC. The tradeline identified an account with "Swift Funds Financial Svcs" that was purportedly "PLACED FOR COLLECTION" and had a "Pay Status" of "In Collection."

29.     The "Swift Funds Financial Svcs" tradeline indicated that the original creditor was Family Fitness Plainfield, an assumed name of Family Fitness Grand Rapids; that the amount of the purported debt was $93; and that the outstanding balance was $161. It also indicated that the most recent payment on the account was made on April 15, 2015.

30.     The "Swift Funds Financial Svcs" tradeline also included an address for the collection agency of P.O. Box 2397, Palos Verdes Penn, California 90274 and a telephone number, (800) 729-0123.

31.     The number (800) 729-0123 is utilized by the Defendants to accept payments on consumer debts. Dialing that number connects the caller to a debt collection agent working for Defendants.

32.     The Defendants caused the "Swift Funds Financial Svcs" tradeline, and all credit information therein, to appear in Plaintiff's Trans Union credit file and report by publishing false credit information to Trans Union, LLC. Defendants did so for the purpose of collecting a debt from Plaintiff.

33.     Plaintiff does not owe any amount to Family Fitness Grand Rapids, has no past due balance, and did not make a payment on April 15, 2015 or at any time after 2014.

34.     Defendants' publication of information to Trans Union, LLC was the first attempt by Defendants to collect any purported debt from Plaintiff.

35.     None of the Defendants has ever sent to Plaintiff any written notice containing:

   a.  A statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   b.  A statement that if the consumer notifies the debt collector in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or

   c.  A statement that, upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36.     Had Defendants sent to Plaintiff such a notice, or any written correspondence asserting a debt owing to Family Fitness Grand Rapids, Plaintiff would have disputed the purported debt and provided conclusive proof that such a purported debt did not exist.

**FDCPA, 15 U.S.C. §§ 1692e, 1692f, 1692g, 1692k**

37.     By communicating to Trans Union, LLC that Plaintiff owed a debt to Family Fitness Plainfield (i.e., Family Fitness of Grand Rapids) that was not in fact owed, and by otherwise communicating false credit information regarding Plaintiff to Trans Union, LLC, Defendants violated 15 U.S.C. § 1692e(2) and (8).

38.     By attempting to collect a debt purportedly owed by Plaintiff solely through publishing information to one or more third parties, including Trans Union, LLC, Defendants engaged in an "unfair or unconscionable means to collect or attempt to collect" a debt and thereby violated 15 U.S.C. § 1692f.

39.     Alternatively, by failing to notify Plaintiff of her substantive right to debt validation and dispute procedures within five (5) days of their initial communication with Plaintiff regarding the purported debt to Family Fitness Grand Rapids, Defendants violated 15 U.S.C. § 1692g.

40.     By attempting to collect a debt purportedly owed by Plaintiff to Family Fitness Grand Rapids, where that purported debt was not authorized by agreement or otherwise by law, Defendants violated 15 U.S.C. § 1692f(1).

41.     Defendants' violations of the FDCPA have proximately caused actual harm and damage to Plaintiff, including reducing her credit standing and reputation for timely payment of her financial obligations, and diminishing Plaintiff's ability to obtain credit on favorable terms.

WHEREFORE, Plaintiff requests that judgment be granted in her favor specifying the following relief:

a.   Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

b.   Statutory costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

c.   Such further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  August 31, 2017                     /s/ Theodore J. Westbrook
                                            Theodore J. Westbrook
                                            **Westbrook Law PLLC**
                                            Attorney for Plaintiff
                                            6140 28th St. SE, Suite 115
                                            Grand Rapids, MI 49546
                                            twestbrook@westbrook-law.net


## JURY DEMAND

Plaintiff Elizabeth Shelley, by and through her counsel, hereby demands a trial by jury as to all claims and issues so triable.


Respectfully submitted,

Dated:  August 31, 2017                     /s/ Theodore J. Westbrook
                                            Theodore J. Westbrook
                                            **Westbrook Law PLLC**
                                            Attorney for Plaintiff
                                            6140 28th St. SE, Suite 115
                                            Grand Rapids, MI 49546
                                            twestbrook@westbrook-law.net